# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-10574
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS LUIS VENEGAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-479-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

A jury convicted Carlos Luis Venegas of conspiracy to distribute a controlled substance in connection with multiple "pill mills" where he worked as a supervising physician. He now appeals, arguing the district court erred by giving a deliberate ignorance instruction that was not supported by

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the evidence.  The parties disagree on whether Venegas preserved his challenge.  Although Venegas objected to the deliberate indifference instruction in his pretrial response to the Government's proposed jury charge and instructions, he did not inform the district court of the grounds for his objection as required by Federal Rule of Criminal Procedure 30(d).  Accordingly, plain error review applies.  *See* Fed. R. Crim. P. 30(d); *United States v. Redd*, 355 F.3d 866, 874-75 (5th Cir. 2003).  Under the plain error standard, Venegas must show a "clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings" but is not required to do so.  *Redd*, 355 F.3d at 874 (internal quotation marks and citation omitted).  An error affects a defendant's substantial rights if he shows "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks and citation omitted).

"A deliberate ignorance instruction informs the jury that it may consider evidence of the defendant's charade of ignorance as circumstantial proof of guilty knowledge."  *United States v. Brown*, 871 F.3d 352, 355 (5th Cir. 2017) (internal quotation marks and citation omitted).  The instruction should be given only when the "defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference" by showing "(i) subjective awareness of a high probability of the existence of illegal conduct; and (ii) purposeful contrivance to avoid learning of the illegal conduct." *United States v. Alaniz*, 726 F.3d 586, 612 (5th Cir. 2013) (internal quotation marks and citation omitted).  To determine whether the evidence supports the instruction, this court "views the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Government."  *United States*

*v. Araiza-Jacobo*, 917 F.3d 360, 366 (5th Cir. 2019) (internal quotation marks and citation omitted), *cert. denied*, 140 S. Ct. 453 (2019).

Although Venegas contends he did not know the clinics were operating as pill mills, the Government presented considerable evidence that he was subjectively aware of a high probability of the existence of illegal conduct. He directed his supervisees to prescribe the maximum dosage of hydrocodone in contravention of the standard of care, he was aware the clinics were prescribing hydrocodone to patients who had no legitimate medical need for it, a pharmacist notified him that her pharmacy had received seemingly illegitimate prescriptions from the clinics, and he was aware of suspicious activity at the clinics. There is also substantial evidence that Venegas purposely contrived to avoid learning of the clinics' illegal conduct. He visited the clinics only once a week when most of the patients were gone and eventually stopped going to the clinics altogether, he did not provide adequate oversight to his supervisees or take any steps to ensure the clinics were running properly, he did not monitor the number of prescriptions for controlled substances that were being issued under his license, and he did not follow up when his supervisees raised concerns about the clinics' operations and prescribing practices.

The totality of the evidence supports an inference of deliberate ignorance on Venegas's part, and the district court did not err at all, much less plainly err, in giving the instruction. But even if it had, Venegas cannot show a reasonable probability that the outcome would have been different but for the error, because there is ample evidence that Venegas had actual knowledge of the pill mill conspiracy. *See Molina-Martinez*, 136 S. Ct. at 1343; *United States v. Delgado*, 672 F.3d 320, 340-41 (5th Cir. 2012). Accordingly, the district court's judgment is AFFIRMED.